[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this case claim that they performed a long list of legal services for the defendant Maratta, starting in the late 1970's.
On August 31, 1990 the parties reached a payment agreement (Exhibit A) requiring the defendant to pay $30,925 over a period of time, with 8% interest. The claimed amount due at that time was $46,744.12, which was reduced on friendly terms to $30,925, as the defendant at that time was experiencing financial difficulties.
Since August 31, 1990 the defendant paid $28,418.06, plus interest, although many payments were not made promptly in accordance with the payment schedule. The plaintiffs now claim in the First Count that the original debt of $46,744.12 has been revived by the defendant's failure to comply exactly with the payment schedule.
On the other hand the defendant claims that it substantially performed the terms of Exhibit A, and that the parties had reached an accord and satisfaction concerning Exhibit A. CT Page 10118
An examination of Exhibit A makes no mention of a revival of the original debt of $46,744.12. Since the defendant paid $29,060.38 on the agreed amount of $30,925, the court finds that it would be an unfair penalty to declare a revival of the original debt of $46,744.12. It is well known that the law abhors a forfeiture.
Accordingly on the First Count of the Amended Complaint the court finds that the defendant owes:
 a. $2,506.94 b. $ 401.00 Interest at the agreed amount of 8% c. $2,700.00 Disbursements -------- Total $5,607.94
Since August 31, 1990 the plaintiff law firm continued to perform legal services for the defendant, on a score of matters. For these matters since August 31, 1990, the claimed total is $34,109.48 under the Second and Third Counts.
According to the plaintiff, overall the approximately 15 years the defendant never complained about the amount of the bills, although this is denied by the defendant.
During the fifteen years of the parties' association, the defendant was involved in a great many business ventures, and was represented by the plaintiff law firm in much litigation.
One of the defendant's claims is that the plaintiff law firm improperly prepared a lease for the Harbor Park Restaurant in Middletown, which allegedly resulted in the defendant suffering severe damage when he ultimately bought back the restaurant from bankruptcy. Yet, after the protracted bankruptcy proceedings in New York and Connecticut, the defendant paid a legal fee totaling $130,000 to the plaintiffs, without making any claim of mishandling.
Defendant, in its Answer, Special Defense, and Counterclaim, alleges improper and unskillful performance of legal services by the plaintiff law firm; breach of contract; breach of fiduciary duty; and a violation of the Connecticut Unfair Trade Practice Act. Also the defendant claims that the services were performed on behalf of various corporations and were not the liability of the defendant. CT Page 10119
The court finds that none of these claims by the defendant has merit — with the exception of the claim of services performed for certain corporations. In the service of the defendant's business ventures, the plaintiff law firm created several corporations. Many of the legal services performed by the plaintiffs were for the benefit of those corporations.
The court has the problem of deciding this case, without any written agreement concerning the providing of legal services.
While the defendant claims that he was not satisfied with the services and fees of the plaintiffs, he continued for fifteen years to engage the plaintiffs on a great number of items.
In attempting to assess the services performed by the plaintiff over the years, the court was told by Attorney Flaherty that there were "hundreds of such matters."
The plaintiffs have claimed the following:
a. $18,227 as the amount still owing on the agreement of August 31, 1990. As stated earlier, the court has reduced this to $5,607.94.
b. $34,109.48 for services performed since August 31, 1990.
On the amended complaint the court finds that under the Third Count fees charged by the plaintiffs were reasonable.
On the counterclaim, the court finds that approximately three-fourths of the legal services were performed for personal problems of the defendant, and that one-fourth of the legal services were performed for the benefit of certain corporations, involving much litigation. (With the myriad of documents and conflicting testimony it is impossible to pinpoint with exactitude the proportion of the corporate services).
Accordingly, on the Third Count the defendant is entitled to a recoupment of $8,527.37 representing the legal services CT Page 10120 performed for the corporations.
SUMMATION: The plaintiffs are entitled to recover:
 First Count: $ 5,607.94 Second and Third Counts: $25,582.11 --------- Total: $31,190.05
From this amount shall be deducted $2,207.97 held in escrow by the plaintiffs (which amount may be turned over to the plaintiffs).
Judgment may enter for the plaintiffs to recover $28,982.08.
No costs to either party.
Douglass B. Wright State Judge Referee